AK LBF 5
[ 12/17]

Attorney for Debtor(s)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:  )
        )  Case No. 18-00426
MYRNA BERNALDO GONZALES )
        )  **CHAPTER 13 PLAN**
        )
    Debtor(s)  )  __X__ Original ____ Amended
        )
        )  Dated: 1/30/2019

**FILED FEB 1 2 2019 CLERK U.S. BANKRUPTCY COURT BY_____ DEPUTY CLERK**

## Part 1. Notices

| To All Parties in Interest: | Orders to avoid liens, to value property, and reduce interest rates must be sought by separate motion, objection, or adversary proceeding in accordance with the federal and local bankruptcy rules. |
|---|---|
| To Debtors: | This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances, or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. |

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one of the boxes below on each line to state whether or not the plan includes non-standard provisions. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | The Plan seeks to limit the amount of secured claim, as set out in Part 3(e), which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | X Not Included |
|---|---|---|---|
| 1.2 | The Plan sets out non-standard provisions in Part 6. | ☐ Included | X Not Included |

## Part 2. Plan Payments and Length of Plan

**The Debtor(s) will make regular payments to the Trustee as follows:**

(a) *Monthly payments* as follows:

    (i)    Amount $__670_____

    (ii)    Frequency (check one):
- x☐ Monthly
- ☐ Twice Per Month
- ☐ Every Two Weeks
- ☐ Weekly

commencing on __03/01/2019_____ (not later than 30 days after the petition is filed) and continuing on the same day of each month thereafter for the applicable commitment period of _X_ three years, ___ five years, or for ____ months. If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

(b) *Permanent Fund Dividends* received each year during the commitment period & for purpose of estimation under this Plan the amount of $1,000 per year will be used unless by local rule an adjustment is made;

(c) *Tax Refunds*: Debtor(s) ___COMMIT(S) _x_ DOES (DO) NOT COMMIT all tax refunds to funding the plan. Tax refunds will be paid in addition to the plan payments stated above. *If no selection is made, tax refunds are committed.*

(d) *Additional payments* each (___ in number), totaling $_____, to be paid as follows:

(e) The total amount of estimated payments to the trustee provided for in §§ 2(a)-(d) is $ __27120 (includes 3 pfds)__ .

## Part 3. Trustee's Distributions to Creditors

**Note: Part 3 may contain provision for modification of secured claims, but to be effective, court approval of such modification is required by separate motion and notice (See LBR 3012-1).**

From the payments received, the trustee will make disbursements in the following order (unless otherwise noted in paragraph 3(i)).

(a) *Allowed administrative expenses of the trustee* as provided by 11 U.S.C. §507(a)(1)(c) in the amount of ten percent (10%), or the percentage set from time to time by the Attorney General of the United States, under 28 U.S.C. § 586(e).

(b) *Allowed unsecured claims for domestic support* as provided by 11 U.S.C. § 507(a)(1). Additionally, the allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and may be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). This plan provision requires the term of the plan to be 60 months.

| Creditor | Amount |
|---|---|
| | |
| | |

(c) *Allowed Expenses of Administration* as provided by 11 U.S.C. § 507(a)(2), including $_____ in estimated attorney's fees and costs for the debtor's attorney.

(d) *Cure of Arrearage on Secured Claims That Are Not Modified*: Arrearage on secured creditor's claims that are duly filed and allowed, and are not modified, estimated as follows:

(i) *Residential Mortgage*:

| Creditor | Collateral | Estimated Arrearage | Number of Payments | Estimated Payment | Interest Rate |
|---|---|---|---|---|---|
| SHELLPOINT MORTGAGE SERVICING | 9095 SHEIYE WAY, JUNEAU, AK 99801 | 23000 | 36 | 678 | 3.875 |
| Total is 24408 | | | | | |

(ii) *Other Secured Claims*:

| Creditor | Collateral | Estimated Arrearage | Number of Payments | Estimated Payment | Interest Rate |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(e) *Modified Secured Claims:* Distributions to secured creditors whose claims are duly filed and allowed, but are modified, estimated as follows:

| Creditor | Collateral | Collateral Value | Number of Payments | Estimated Payment | Interest Rate |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

[This paragraph 3(e) addresses the repayment terms of all secured claims that are not addressed under paragraph 3(d) above or under paragraphs 3(f) or 4 below. These "modified secured claims" are all those held by creditors whose rights are modified under applicable bankruptcy law. The allowed claims of each creditor listed in paragraph 3(e) will be allowed as a secured claim in the amount of the value of the security and paid in installments as shown until the balance, with interest as stated, has been paid. The remainder of the amount owing will be allowed as a general unsecured claim and paid under the provisions of paragraph 3(h) if a proof of claim is duly filed and allowed. To determine the proper valuation of the modified secured claims listed in this paragraph, the debtor(s) must timely file a motion in accordance with the federal and local bankruptcy rules in addition to including the creditor in this section of the plan.]

(f) *Secured Claims Not Modified*: Distributions to secured creditors whose claims are duly filed and allowed, but are not modified and not paid directly by debtor under Part 4, in accordance with the contract terms as follows:

| Creditor | Collateral | Estimated Balance | Number of Payments | Estimated Payment | Interest Rate |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

3

(g) *Allowed Priority Unsecured Claims* in the order and in the amount prescribed by 11 U.S.C. § 507(a)(3) - (a)(9) including the following estimated tax claims:

| Tax Creditor | Type of Tax | Year | Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

Debtor(s) will check the following correct answer:

    x☐ All tax returns and tax reports due pre-petition have been filed.

    ☐ The following tax returns and tax reports due as of the date of the petition filing have not been filed:

Debtor(s) shall file all post-petition tax returns/tax reports and pay all post-petition taxes as they come due.

(h) To *Unsecured Non-priority Claims* that are duly filed and allowed, the balance of the debtor's plan payments will be distributed pro-rata.

(i) *Alternate Payment Instructions to Trustee*:

x ☐ Payments under paragraphs 3(b), (c), and (g) are to be made in equal installments over the commitment period.

☐ Payments under paragraph 3(h) are to be made concurrently with payments made under paragraphs 3(a) - (f).

☐ Other (specify)_____

## Part 4. Secured Claims Not Modified and not Administered by Trustee, or Collateral Surrendered

4.1 *Secured Claims Not Modified:* The following creditors' claims are fully secured, are not modified, will be paid directly by the debtor(s) outside the Plan under the original contract terms, and will receive no distributions under Paragraph 3 (except distributions set out in paragraph 3(d) above):

(a) *Residential Mortgage*:

| Creditor | Collateral | Estimated Balance | Number of Payments | Estimated Payment | Interest Rate |
|---|---|---|---|---|---|
| SHELLPOINT MORTGAGE SERVICING | 9095 SHEIYE WAY, JUNEAU, AK 99801 | 336851.19 | 36 | 1995 | 3.875 |
| (these are the ongoing monthly payments) |  |  |  |  |  |

(b) *Other* [See AK LBR 3015-1(b)(2)]:

| Creditor | Collateral | Estimated Balance | Number of Payments | Estimated Payment | Interest Rate |
|---|---|---|---|---|---|
| TRUE NORTH FCU | SAME | 5400 | 9 | 600 |  |

4

| Ongoing payments to continue to be taken from retirement | | | | | |
|---|---|---|---|---|---|
| | | | | | |

4.2 *Surrender of Collateral*: The secured property described below will be surrendered to the following named creditors, and any duly filed and allowed unsecured claim resulting from such surrender will be paid under Paragraph 3(h). The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in paragraph 3(h).

| Creditor | Collateral |
|---|---|
| | |
| | |

## Part 5. Executory Contracts and Unexpired Leases

Except as provided above, the following executory contracts and unexpired leases of the debtor are assumed or rejected as noted below. If rejected, the debtor(s) will surrender any collateral or leased property and any duly filed and allowed unsecured claim for damages will be paid under paragraph 3(h):

| Contract/Lease | Assumed/Rejected |
|---|---|
| | |
| | |

## Part 6. Non-Standard Plan Provisions

❏ None

*Under Bankruptcy Rule 3015(c), non-standard provisions must be set forth below. A non-standard provision is a provision not otherwise included in the Official Form or deviating from it. Non-standard provisions set out elsewhere in this plan are ineffective.*

❏ **The following plan provisions will be effective only if the applicable box in Paragraph 1 of this plan is checked:**

## Part 7. Terms Applicable to All Plans

7.1 **Plan Analysis/Disposable Income Analysis/Liquidation Analysis/Schedule of Direct Payments**: The attached Plan Analysis, Disposable Income Analysis, Liquidation Analysis, and Schedule of Direct Payments to creditors are accurate to the best of my (our) knowledge. If there are discrepancies between the Plan and the analyses, the provisions of the Plan, as confirmed, control.

7.2 **Retention of Security Interests and Revesting of Property**: Secured creditors will retain their liens until the claims as determined under applicable non bankruptcy law have been paid in full or a discharge is entered under 11 U.S.C. § 1328 as provided by 11 U.S.C. § 1325(a)(5)(B). Except as provided in this plan or in the order confirming the plan, upon confirmation of this plan all of the property of the estate vests in the debtor(s) free and clear of any claim or interest of any creditor provided for by this plan under 11 U.S.C. § 1327.

5

7.3 **Orders Granting Relief From Stay:** If at any time during the life of this plan, an order terminating the automatic stay is entered, no distributions under this plan will be made to the creditor obtaining relief from stay until such time as the creditor files an amended proof of claim. The allowed claim for a deficiency will be treated as a general unsecured claim under paragraph 3(h).

7.4 **Plan Changes:** The court may after hearing, upon such notice as the court may designate, increase or reduce the amount or the time for payment where it appears that circumstances so warrant.

7.5 **Certification.** It is certified that the foregoing plan complies with the requirements of the applicable provisions of the Bankruptcy Code (title 11, United States Code), the Federal Rules of Bankruptcy Procedure, and the Alaska Local Bankruptcy Rules. There are no non-standard provisions other than those placed in Part 6 paragraph 7 above.

DATED: 2/1/2019

_____
Attorney for Debtor

*Myrna B. Gonzales*
MYRNA B. GONZALES, Debtor

_____
, Debtor

## PLAN ANALYSIS
(Numerical References are to Plan Paragraphs)

Monthly Income and Expenses:
 Monthly Income from Schedule I (excluding Alaska PFD)    $ 5719.37
 Monthly Expenses form Schedule J (excluding debt paid through plan)    $ 4106.19
 Difference (Schedule I <less> Schedule J)    $ 1613.16

Debtor(s) Payments to Trustee:
 2(a) $ 670 (Mo. Pymt.) x 36 (No. Pymts) =   $ 24120
 2(b) $ 1000 (Perm. Fund) x 3 (No. Years) =   $ 3000
 2(c) $_____ (Tax Refund) x ___ (No. Years) =   $____
 2(d) $_____ (Add'l Pymts) x ___ (No. Pymts) =
  **TOTAL PAYMENTS (Life of Plan):**    $ 27120

Estimated Distributions by Trustee:
 3(a) Trustee's Commission (10% of the total plan payments)    $ 2712
 3(b) Domestic Support Obligations    $_____
 3(c) Unpaid Attorney's Fees and Costs    $_____
 3(c) Other Administrative (if known)    $_____
 3(d) Total Arrearages Secured Claims (Not Modified)
  (i) Residential Mortgage    $ 24408
  (ii) Other    $_____
 3(e) Total Distributions Modified Secured Claims    $_____
 3(f) Total Distributions Unmodified Secured Claims    $_____
 3(g) Priority: Taxes    $_____
     Other    $_____
 3(h) Total Distributions Unsecured Claims    $_____
  **TOTAL DISTRIBUTIONS:**    $ 27120

### DISPOSABLE INCOME DISTRIBUTION ANALYSIS
[Check **ONE** box as applicable and complete computation]

☐ Disposable Income determined under §1325(b)(3) [See Official Form 122C-1, Line 17]
Total Distributions Unsecured Claims (Line 2(h)) divided by 60    $_____
Monthly Disposable Income (from Official Form 122C-2, Line 45)    $_____

X☐ Disposable Income **not** determined under §1325(b)(3) [See Official Form 122C-1, Line 17]
Total Distributions Unsecured Claims (Line 2(h)) divided by ____ (months in commitment period)
[See Official Form 122C-1, Line 21]    $_____
 Current Monthly Income [from Official Form 122C-1, Line 20]    $ 3920.33
 <less> Support Income [as defined in Official Form 122C-2, Line 40]    $ 0
 <less> Qualified Retirement Deduction [as defined in Official Form 122C-2, Line 41]    $ 0
 <less> Monthly Expenses [from Official Form 106J, Line 22]    $ 4106.19
 <less> Payroll Deductions [from Official Form 106I, Line 6]    $_____
Monthly Disposable Income    $ -185.68
But husband has monthly income

7

## LIQUIDATION ANALYSIS
(Insert Amounts from Bankruptcy Schedules for A,B,D, and E, Below )

A. Non Exempt Equity: in real property                                $_____
                in personal property                         $_____
B. Value of Property Recoverable Under Avoiding Powers                $_____
C. **Total Estate Equity** (sum of A & B above):                      $_____
D. Total Priority Debt                                                $_____
E. Total Unsecured Debt                                               $_____
F. Estimated Chapter 7 Administrative Expenses                        $_____
G. Estimated Plan Dividend (Unsecured Creditors)                      ____%
H. Estimated Chapter 7 Dividend (Unsecured Creditors)                 ____%

### SCHEDULES OF DEBTORS'S LEASE PAYMENTS, PAYMENTS TO SECURED CREDITORS AND DOMESTIC SUPPORT OBLIGATIONS

| Creditor/Nature of Claim | Estimated Balance | Number of Payments | Payment | Due Date |
|---|---|---|---|---|
|  |  |  |  |  |

8