Philip S. Traynor (SBN 1811116)                                        AK LBF 1
**GHIDOTTI | BERGER, LLP**                                                           [11/15]
1920 Old Tustin Avenue
Santa Ana, CA 92705
Telephone: (949) 427-2010
Facsimile: (949) 427-2732
Email: ptraynor@ghidottiberger.com
Attorney for: U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OFTHE LODGE SERIES IV TRUST

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| In re: | Case No. 18-00426 |
|---|---|
| | Chapter 13 |
| Myrna Bernaldo Gonzales, | |
| | **MOTION FOR RELIEF FROM STAY** |
| Debtor(s). | **[CO-DEBTOR STAY §§1201/1301]** |

       U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OFTHE LODGE SERIES IV TRUST moves for relief from the automatic stay imposed by 11 USC § *1301* and respectfully represents:

1.    The debtor(s) filed a petition in this court under chapter *13* of the Bankruptcy Code on *December 17, 2018*.

2.    Creditor is the holder of a secured claim against the debtor, Myrna Bernaldo Gonzales ("Debtor") and non-debtor, Joely I. Gonzales ("Co-Debtor"), and pursuant to Alaska LBR 4001-1, said creditor provides the following information:

    (a)    The present balance owing to creditor, excluding any pre-computed interest or other unearned charges is:    $   *369,453.88,* consisting of:

| | | |
|---|---|---|
| Principal | $ | *335,925.35* |
| Interest | $ | *19,489.52* |
| Attorney's Fees/Costs | $ | *4,749.67* |
| Penalties/Late Charges | $ | *418.56* |
| Other | $ | *11,152.11* |
| Less Unapplied | $ | *(2,281.33)*. |

    (b)    The date upon which the subject debt was incurred was *January 31, 2007*.

    (c)    Creditor holds a security interest or lien upon the following described property of the debtor(s): **9095 Sheiye Way, Juneau, Alaska 99801**, which is legally described as:

LOT 20, BLOCK D, TONGASS PARK, ACCORDING TO THE OFFICIAL PLAT THEREOF, FILED UNDER PLAT NUMBER 250, RECORDS OF THE JUNEAU RECORDING DISTRICT, FIRST JUDICIAL DISTRICT, STATE OF ALASKA.

(d)     The nature of creditor's security interest or lien, the date upon which the security interest or lien was obtained, and the date upon which the security interest or lien was perfected are as follows:

        Nature of Lien:     First Priority Deed of Trust.
        Date Obtained:      January 31, 2007.
        Date Perfected:     February 8, 2007.

Creditor has attached copies of all security agreements, financing statements, titles and other perfection documents necessary to prove the validity of its security interest or lien to its Proof of Claim or, alternatively, to this request.

(e)     A description of creditor's collateral, including its location, is:

**9095 Sheiye Way, Juneau, Alaska 99801**, which is legally described as:

LOT 20, BLOCK D, TONGASS PARK, ACCORDING TO THE OFFICIAL PLAT THEREOF, FILED UNDER PLAT NUMBER 250, RECORDS OF THE JUNEAU RECORDING DISTRICT, FIRST JUDICIAL DISTRICT, STATE OF ALASKA.

(f)     The fair market value of creditor's collateral is:  $     *410,000.00*; as determined by the following source or means: Debtor's Schedule A.

(g)     A description of, and the amounts believed due upon, any other known security interest or lien is as follows: According to Debtor's Schedule D.

    True North FCU                                              $5,935.00.

(h)     If the debtor is in default, the number of defaulted installments and the total sums in default are as follows:

10 (March 1, 2019 – December 1, 2019) at $1,912.99 = $19,129.90.

(i)     This request is made under and pursuant to the following subsection(s) of § 362 of the Bankruptcy Code and the following additional authority, if any

Pursuant to 11 U.S.C. §1301(c), Movant seeks relief from the co-debtor stay to pursue Movant's available legal remedies to collect the amount owing. The Co-Debtor

has not cured the default as listed herein and the loan remains delinquent.  Co-Debtor has received consideration of the claim and Movant will be irreparably harmed if it is not allowed to receive payment of the entire amount owing.  The Co-Debtor stay must be terminated to allow Movant to protect its rights. Movant request that the Co-Debtor Stay provided for by 11 U.S.C. §1301(a) be lifted with respect to the Co-Debtor as to the Movant only.

A continuing failure to maintain required regular payments has been held, in and of itself, to constitute sufficient cause for granting a motion to modify the stay. (*In re Trident Corp.*, 19 BR 956,958 (Bankr. E.D. Pa. 1982), aff'd 22 BR 491 (Bankr. E.D. Pa. 1982 (citing *In re Hinkle*, 14 BR 202, 204 (Bankr. E.D. Pa. 1981); see also *In re Jones*, 189 BR 13, 15 (Bank. E.D. Okla 1995) (citing *Hinkle*, 14 BR at 204))*.*  The  failure to tender regular ongoing monthly payments is sufficient cause to terminate the automatic stay.

 (j)      Other facts that are relevant in determining whether relief from stay should be granted are as follows.

 Dated: December 30, 2019

                                GHIDOTTI BERGER, LLP
                                Attorney for *U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE LODGE SERIES IV TRUST*


                                By: /s/ *Philip S. Traynor*
                                    *Philip S. Traynor*